In the Matter of UNIVERSAL C. I. T. CREDIT CORPORATION, Petitioner, against EDWARD J. GANTER, as Sheriff of the County of Westchester, Respondent.

Supreme Court, Special Term, Westchester County, October 28, 1943.

*Joseph G. Myerson* for petitioner.

*William A. Davidson, County Attorney,* for respondent.

NOLAN, J. Although the respondent has served an answer denying the allegations contained in certain numbered paragraphs of the petition, it will be assumed from the fact that the papers were submitted on the call of the calendar, without argument, that respondent concedes that there is no question of fact which requires a determination. If respondent does not so concede, a hearing will be held on the date of the settlement of the order to be presented. Subject to the introduction of proof, if a hearing shall be required, the petitioner's motion is granted, but without costs. The petitioner having issued and delivered to the Sheriff a summons, complaint, requisition, affidavit and undertaking in replevin, pursuant to the relevant provisions of the Civil Practice Act (art. 66), is proceeding in an action in a court of competent jurisdiction as required by section 301 of the Soldiers' and Sailors' Civil Relief Act (U. S. Code, tit. 50, Appendix, § 531) and the action by the Sheriff will not violate the provisions of that section. (Civ. Prac. Act, § 1089 *et seq.*)

The bringing of this proceeding gives additional security to the Sheriff, since he will now proceed pursuant to court order herein. The issuance of the requisition to accompany the summons violates neither the letter nor the spirit of the Act, since the petitioner has filed an undertaking for the prosecution of the action and the payment to the defendants of any sum which

the judgment may award to them, and since the court has plenary power, pursuant to the provisions of the Act, to protect the rights of the defendant who is in the military service, by ordering repayment of installments paid, by staying the action on proper terms, or by such other disposition of the case as may be equitable to conserve the interests of all parties. (Soldiers' and Sailors' Civil Relief Act, § 301, subd. 3; U. S. Code, tit. 50, Appendix, § 531, subd. 3, as amd.)

Settle order on notice.